IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bryant Keith Chisholm, # 18230-057,  )<br>    )<br>               Petitioner,  )<br>    )<br>v.     )<br>    )<br>M. Pettiford, Warden of FCI-Bennettsville,  )<br>    )<br>               Respondent.  )<br>_____ ) | C.A. No.: 6:06-2032-PMD-WMC<br><br>**<u>ORDER</u>** |

This matter is before the court upon Petitioner Bryant Keith Chisholm's ("Chisholm" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R recommends dismissal of Chisholm's petition without prejudice. A party may object, in writing, to an R&R within ten days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1). Chisholm filed timely objections to the R&R.

**<u>BACKGROUND</u>**

Petitioner Chisholm is a federal prisoner at the Federal Correctional Institute in Bennettsville, South Carolina. On February 6, 1996, a jury convicted Chisholm on two counts of making a false statement to firearms dealers and two counts of possession of a firearm after a felony conviction. The United States District Court for the Middle District of North Carolina then found Chisholm to be an armed career criminal and sentenced him to 235 months of imprisonment and 5 years of supervised release. The United States Court of Appeals for the Fourth Circuit affirmed Chisholm's convictions and sentence, and the Supreme Court of the United States denied

1

discretionary appellate review. *United States v. Chisholm*, 110 F.3d 61 (4th Cir. 1997) (unpublished table decision), *cert. denied*, 522 U.S. 879 (1997). In his application under 28 U.S.C. § 2241 for a writ of habeas corpus, Chisholm states that he filed a Motion to Vacate under 28 U.S.C. § 2255 in the United States District Court for the Middle District of North Carolina and that this motion was denied.

Chisholm then filed a petition for a writ of habeas corpus under § 2241 on July 14, 2006. Chisholm claims he is entitled to relief under § 2241 because he is "'actually innocent' of being an Armed Career Criminal and the sentencing Court abused its discretion by misapplying the Sentencing Guidelines." (Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus at 7).

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. However, as Petitioner asserts the Magistrate Judge "argued around Petitioner's claims," this court will further address Petitioner's argument. Accordingly, the R&R is adopted to the extent not inconsistent with this order.

## ANALYSIS

Unlike a § 2255 motion which is filed in the trial and sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a); *In re Jones*, 226

F.3d 328, 332 (4th Cir. 2000). Generally, a § 2241 petition "attacks the execution of a sentence rather than its validity," whereas a § 2255 motion "attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks to the "computation and execution of the sentence rather than the sentence itself"). Here, Chisholm argues he received an improper sentence, asserting he is "actually innocent" of being an armed career criminal. Because Chisholm attacks the validity of his sentence, his claim is the type which normally should be brought under § 2255. *See, e.g., Wester v. Yancey*, No. 9:05-2339-MBS-GCK, 2006 WL 240598, at *2 (D.S.C. Jan. 30, 2006) ("It is well-settled that a federal prisoner must challenge the underlying validity or computation of his sentence under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241.").

A district court is prohibited from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief." 28 U.S.C. § 2255. However, § 2255 includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255; *Jones*, 226 F.3d at 333. Under the *Jones* test, § 2255 is inadequate or ineffective to test the legality of a conviction when the following three prongs are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. However, § 2255 is not inadequate or ineffective merely because a prior

3

motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. *See id*. at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *see also Levine v. Pettiford*, No. CIVA 9:06-1265SB, 2006 WL 2107072, at *2 (D.S.C. July 28, 2006). Petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of § 2255. *See In re Eidson*, 129 F.3d 1259 (4th Cir. 1997) (unpublished table decision)*; McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Here, Chisholm argues § 2255 is inadequate or ineffective to test the legality of his claims; he refers to *United States v. Goines*, 357 F.3d 469 (4th Cir. 2004), for the proposition that "guideline claims ordinarily are not cognizable in § 2255 proceedings." *Id*. at 477, citing *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999). However, Chisholm does not cite *In re Jones,* 226 F.3d 328 (4th Cir. 2000)*,* or make any reference to the *Jones* test in his Supporting Memorandum for Petition for Writ of Habeas Corpus or his Objections. Because he does not demonstrate § 2255 is inadequate or ineffective, Chisholm is not entitled to proceed under § 2241. *See De La Puente v. United States*, No. Civ.A. 706CV00019, 2006 WL 148747, at *2 (W.D. Va. Jan. 19, 2006) ("Because petitioner does not demonstrate under *Jones* that § 2255 is inadequate to test the legality of his detention, he is not entitled to relief under § 2241."); *Eubanks v. Compton*, No. Civ.A. 704CV00307, 2004 WL 3606911, at *2 (W.D. Va. June 17, 2004).

Even if Chisholm were entitled to proceed under § 2241, his claim would not be cognizable. A federal court may grant a habeas petition in an extraordinary case where a constitutional violation probably has resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The United States Supreme Court provided, "To be credible, such a claim [of

4

actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In this case, Chisholm does not claim he is actually innocent of the crimes for which he was convicted on February 6, 1996. Instead, he asserts he is actually innocent of being an armed career criminal. This argument does not entitle him to relief under § 2241, as it "is not the type of argument that courts have recognized may warrant review under § 2241." *Davis v. United States*, No. C/A8:05-2778GRA-BHH, 2006 WL 89505, at *6 (D.S.C. Jan. 12, 2006). Accordingly, Chisholm's argument that he is entitled to relief under § 2241 is without merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Chisholm's § 2241 petition is summarily **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 18, 2006**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.